UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON D. IVARONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH FRIEND, )<br>)<br>Defendant. )<br>) | Case No.: 1:05CV02322 (JR) |

DECLARATION OF PATRICK G. STEFL
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AND COMPEL ARBITRATION

I, Patrick G. Stefl, declare as follows:

1. I am Senior Vice President and Director of Administrative Services for CACI INC. - COMMERCIAL ("CACI"). I am over the age of eighteen and make this declaration based upon my personal knowledge, except where stated otherwise.

2. In my position at CACI, my responsibilities include oversight of CACI's human resources functions, including proper maintenance of all employee personnel records kept by CACI in the ordinary course of business.

3. I have reviewed the personnel file of Jason Ivarone, the Plaintiff in the above-captioned case, and state that he was employed by CACI from December 3, 2001 through December 10, 2004. Mr. Ivarone's personnel file contains, among other things, an employment agreement signed by Mr. Ivarone on November 29, 2001 ("Employee Agreement"). A true and correct copy of Plaintiff's Employee Agreement is attached hereto as Exhibit A.

4. Plaintiff's Employee Agreement with CACI contains a mandatory dispute resolution provision, set forth in Paragraph 13 of the Agreement. Paragraph 13 states:

> Any controversy or claim arising out of, or relating to this Agreement, or its breach, or otherwise arising out of or relating to my recruitment by, employment with, or the termination of employment with, CACI (including, without limitation, to any claim of discrimination whether based on race, color, religion, national origin, gender, age, sexual preference, disability, status as a disabled or Vietnam-era veteran, or any other legally protected status, and whether based on federal or State law, or otherwise) will be settled first by resort to mediation by CACI's Ombudsman and then, if mediation fails to resolve the matter, by arbitration. This arbitration will be held in Arlington, Virginia in accordance with American Arbitration Association's Rules for the Resolution of Employment Disputes. The arbitrator, and only the arbitrator, will decide any and all disputes regarding whether a claim is arbitrable. Judgment upon award rendered by the arbitrator will be binding upon both parties and may be entered and enforced in any court of competent jurisdiction.

5. I have reviewed the personnel file of Joseph Friend, Defendant in the above-captioned case, and state that he was employed by CACI in a managerial position from December 18, 2000 through April 15, 2005, when he voluntarily ended his employment with CACI. Joseph Friend served as Mr. Ivarone's immediate supervisor from the beginning of Mr. Ivarone's CACI employment until August 2003. From that time, through the end of Mr. Ivarone's employment with CACI, Mr. Friend continued to supervise many aspects of Mr. Ivarone's job and was always in Mr. Ivarone's chain of command.

6. On or about December 2, 2005, Jason Ivarone filed a Demand for Arbitration against CACI's ultimate parent company, CACI International Inc, with the American Arbitration Association ("AAA"). The AAA assigned case number 16 160 00761 05 to the case. A true and correct copy of Ivarone's Demand for Arbitration is attached hereto as Exhibit B. I am informed and believe that the AAA has not yet assigned an arbitrator in that proceeding.

7. In the Demand for Arbitration against CACI, Mr. Ivarone described the "nature of the dispute" as follows:

> Defamation per se, arising out of statements made by Joseph Friend while a management employee of CACI to multiple persons in Dec. '04 & Jan. '05 suggesting Mr. Ivarone was a security threat, was incompetent and dishonest in

the performance of his duties, and was violating the law, and Negligent Retention by CACI of Joseph Friend.

8. I am informed and believe that Plaintiff never sought mediation or arbitration of his claims against Mr. Friend before filing this lawsuit. Upon learning of this lawsuit, CACI, through its counsel, informed Plaintiff's counsel that it believed that the dispute was covered by the Employee Agreement, and it expressed its willingness to consolidate Mr. Ivarone's claims against Mr. Friend in the pending arbitration proceeding. I am likewise informed and believe that Mr. Ivarone, through counsel, rejected CACI's proposal and has refused to submit his claims against Mr. Friend to arbitration.

I declare that under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of January, 2006 at Arlington, Virginia.

_____
Patrick G. Stefl

BP3024.DOC