

**EMPLOYEE AGREEMENT**

In consideration of my employment, or continued employment, with _____
(CACI International Inc subsidiary – hereinafter "CACI" or "Company"), I agree that:

1.  The terms and conditions of my at-will employment are set out in this Employee Agreement ("Agreement"), together with the terms of: (i) the CACI Code of Ethics and Business Conduct Standards, (ii) any CACI Application for At-Will Employment and CACI offer letter to me that I signed, and (iii) all other CACI documents that I sign, which describe certain policies, obligations and/or restrictions applicable to me during the period of my employment.

2.  I will disclose promptly and fully to CACI all inventions, improvements, discoveries, or new ideas ("Inventions") made or conceived by me in the course of performing the duties of my employment, either alone or with others, and either on or off CACI premises. I hereby assign and agree to assign to CACI all of my rights, title and interest in all such Inventions, and I will execute any documents or perform such other acts as CACI may reasonably require to effect such assignments to CACI or to evidence that title to such Inventions belongs to CACI. The obligation of this paragraph will continue beyond the termination of my employment, and will be binding upon my heirs, assigns, executors, administrators and other legal representatives.

3.  Any writings, including, but not limited to, computer programs and documentation, that I produce in the course of performing the duties of my employment, either alone or with others, and either on or off CACI premises, will be considered "works made for hire," and will be the sole property of CACI.

4.  Except as specifically authorized, I will not disclose, publish, or use or knowingly permit anyone else to disclose, publish, or use any proprietary or confidential information or trade secrets (collectively, "Confidential Information") of CACI, or of CACI's clients, business partners, or subcontractors, at any time during or after my employment with CACI. Confidential Information includes, as an example but without limitation: business proposals, planned new products and services, customer lists, and proprietary methodologies. This obligation will continue so long as such information remains legally protectable from unauthorized disclosure or use. I will also return to CACI all Confidential Information that I possess at the end of my employment.

5.  During my employment with CACI, I will not:

    (a)  disclose or use any Confidential Information of others (including my former employers, clients, or business partners), or facilitate such disclosure or use by anyone else;
    (b)  be a party to a situation in which Confidential Information of others has been improperly obtained;
    (c)  receive Confidential Information of others except pursuant to a written confidentiality agreement signed by an authorized Company signatory; or
    (d)  obtain information about the marketplace and competitive surroundings in a manner inconsistent with ethical commercial practices.

    I will promptly report to the Corporate Legal Division any: (i) offer of Confidential Information which I have reason to believe may have been obtained improperly, and (ii) attempts made by another CACI employee to improperly gain knowledge of any Confidential Information of others.

6.  As an employee the law places upon me certain fiduciary responsibilities to CACI including, as an example but without limitation, the duty to place the interest of CACI and its shareholders above my own personal interest in any case where they might conflict. I will fully perform my fiduciary responsibilities to CACI as required by law both during and after the period of my employment.

7.  (a)  I will not, during my employment with CACI and for a period of one (1) year thereafter (unless my employment is terminated by CACI without cause due to lack of work), contact any organizational department (or equivalent unit) that was a client or previously-identified prospective client with whom I, or anyone working under my supervision or within my CACI department, had communication within one (1) year prior to the end of my CACI employment, for the purpose of offering, selling or arranging to provide goods or services in competition with those currently being offered by written proposal or provided to such organizational department (or equivalent unit) by any CACI department for which I worked, or which was under my supervision, within one (1) year prior to the end of my CACI employment.

(b) I will not, during my employment with CACI and for a period of two (2) years thereafter, participate in competition for the award of any contract or task order, for which CACI is competing, that replaces, succeeds, supersedes, reduces or diminishes CACI's work under a contract or task order on which I worked, or which was performed by any CACI department in which I worked or which was under my supervision, within one (1) year prior to termination of my CACI employment. I understand that such prohibited competition includes, as an example but without limitation, permitting another entity's use of my name or resume in any proposal or other application for such a contract or task order.

8. During my employment with CACI and for a period of one (1) year thereafter, I will not participate, directly or indirectly, in any other entity's hiring or soliciting for employment of any person employed by CACI.

9. My employment at CACI is "at-will" and will continue only so long as it is mutually agreeable to CACI and me. I understand that either CACI or I can terminate my employment relationship at anytime, for any reason with or without cause, or for no reason at all. The "at-will" nature of this employment relationship is not subject to change or modification of any kind except by a written instrument signed by the CEO of CACI International Inc and me.

10. All CACI bonus and profit incentives are subject to the strict "rules of eligibility" contained in Chapter 4, CACI Policy and Guidelines. In addition to all other eligibility requirements set forth in Chapter 4, CACI Policy and Guidelines, to receive payment of a bonus subject to the eligibility rules I must be a current active employee at the time the bonus is paid. After my termination from CACI, I do not qualify for payment of any additional sales or incentive payments.

11. No officer, manager, or employee of CACI is authorized, by oral discussion, or conduct or writing, to modify CACI's policies or to obligate the Company to a fixed term of employment for me or any other person or to the payment of any compensation, including salary, incentive compensation (bonus, commission, advance, etc.), perquisite, or benefit different from those established by current written Company policy, except by a written instrument signed by me and the CEO of CACI International Inc.

12. During the course of my employment with CACI, I will comply with CACI's policies regarding employee reimbursement of monies advanced by CACI. In the event of termination of my employment, in order to reimburse the Company for advances related to travel, relocation, tuition or other matters, I authorize CACI to withhold all or a portion of my wages, vacation pay, sick pay, earned bonuses, expense reimbursements, and any other sums otherwise due to me from CACI for any reason, and to apply the same against my unpaid obligations to the Company, to the full extent permitted by law.

13. Any controversy or claim arising out of, or relating to this Agreement, or its breach, or otherwise arising out of or relating to my recruitment by, employment with, or the termination of employment with, CACI (including, without limitation, to any claim of discrimination whether based on race, color, religion, national origin, gender, age, sexual preference, disability, status as a disabled or Vietnam-era veteran, or any other legally protected status, and whether based on federal or State law, or otherwise) will be settled first by resort to mediation by CACI's Ombudsman and then, if mediation fails to resolve the matter, by arbitration. This arbitration will be held in Arlington, Virginia in accordance with the American Arbitration Association's Rules for the Resolution of Employment Disputes. The arbitrator, and only the arbitrator, will decide any and all disputes regarding whether a claim is arbitrable. Judgment upon award rendered by the arbitrator will be binding upon both parties and may be entered and enforced in any court of competent jurisdiction.

14. CACI may suffer irreparable harm if I breach this Agreement. CACI may therefore, in addition to other remedies that may be available to CACI, seek an injunction to prevent a breach or the ongoing breach of this Agreement, without first resorting to mediation or arbitration.

15. CACI's management retains all rights to operate the business according to its judgment, including but not limited to the right to determine the size, increase, reduction and nature of the work force; to determine qualifications and classifications of employees; to be the sole judge of the competence and performance of employees; to determine the means and manner in which the business is to be conducted, including location of facilities, equipment to be used, products to be produced and services to be provided; to set and from time-to-time change employment policies, including wages and salaries paid, benefits provided and Holidays recognized; and to direct, supervise, control and, when it deems appropriate, discipline the work force in management's discretion.

16. As a growing company, CACI's greatest assets are the knowledge, ingenuity and productivity of its employees. I will uphold the highest standards of performance, and comply with CACI's policies, rules and procedures. Any failure to comply with CACI's policies, rules and procedures constitutes grounds for discipline up to and including termination of my employment.

17. If I am reassigned or transferred to a parent, subsidiary, or affiliate (which include CACI International Inc and all of its subsidiary and affiliate companies), this Agreement will apply to such reassignment or transfer, and the terms "CACI" and "Company" herein will be deemed to refer to such parent, subsidiary or affiliate.

18.  I represent that I am not in any way restricted from accepting employment with CACI or from performing the duties associated with my CACI employment, either by a non-compete agreement or otherwise. I also represent that I have provided to CACI a copy of each and every agreement, memorandum of understanding, or other document that I signed at the request of my present employer, or of any past employers that I have left during the last 5 years, which purports to govern, or in any way restrict, my activities after termination of my employment with such employer (including non-compete, non-disclosure or other similar agreements).

19.  The failure of either party, at any time, to insist upon strict compliance by the other with any term of this Agreement will not constitute a waiver of the right to demand strict compliance at any time thereafter. Any waiver must be in a written document signed by the CEO of CACI International Inc and me.

20.  If any provision of this Agreement or any portion hereof applicable to any particular situation or circumstance is held invalid, the remainder of such provision or the remainder of this Agreement (as the case maybe), and the application thereof to other situations or circumstances, will not be affected thereby.

21.  This Agreement, together with the terms of: (i) the CACI Code of Ethics and Business Conduct Standards, (ii) any CACI Application for At-Will Employment and CACI offer letter to me that I signed, and (iii) all other CACI documents that I sign, which describe certain policies, obligations and/or restrictions applicable to me during the period of my employment is the complete agreement I have with CACI regarding the terms of my employment and may not be modified except by written document signed by the CEO of CACI International Inc and me. This Agreement will be governed by the laws of the Commonwealth of Virginia without regard to conflict of laws provisions.

22.  I acknowledge that CACI has encouraged me to review the terms of this Agreement with an attorney prior to signing it. I further acknowledge that the terms (including restrictions) set forth in this Agreement: (a) are fair and reasonably required for the protection of the interests of CACI, its employees and stockholders, and (b) will not place an undue burden on my ability to secure future employment in the field of my choice.

I have read, understand and agree to comply with the terms of this Agreement.

_CACI, Camerica, Inc._
**Complete Company Name**

_[signature]_
**First Tier Manager's Printed Name**

_[signature]_
**First Tier Manager's Signature**

**Date**  12/03/01

_Jason Ivarone_
**Employee's Printed Name**

_[signature]_
**Employee's Signature**

**Date**  11/29/2001