UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON D. IVARONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:05CV02322 (JR) |
| JOSEPH FRIEND, | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND
IN RESPONSE TO THIS COURT'S FEBRUARY 28, 2006 ORDER**

**INTRODUCTION**

On January 27, 2006, Joseph Friend, Defendant in the above-captioned action, moved this Court for an order dismissing this action and compelling arbitration pursuant to the Federal Arbitration Act ("FAA"). Motion to Dismiss Plaintiff's Complaint and Compel Arbitration ("Motion to Dismiss"). On February 10, 2006, Plaintiff Jason Ivarone filed his opposition to Defendant's motion. That same day, this Court entered an Order granting Defendant's Motion to Dismiss. In the Court's February 10, 2006 Memorandum accompanying the Order, the Court stated:

> [Plaintiff] did agree to arbitrate this dispute, however. Not only the gist of his complaint, but also its details, plainly "aris[e] out of or relat[e] to . . . the termination of [his] employment with CACI." Plaintiff will not be <u>compelled</u> to arbitrate his claims -- whether he chooses to proceed further with them is up to him -- but he may not bring them to this Court.

Memorandum Opinion at 1-2 (emphasis in original).

On February 27, 2006, Plaintiff filed a motion for reconsideration of the Court's February 10, 2006 Order. The following day, the Court issued an Order ("February 28 Order"), stating:

> Defendant's invocation of the arbitration clause between plaintiff and CACI Inc. - Commercial was construed by the Court as (a) an undertaking by CACI Inc. - Commercial to respond to plaintiff's demand for arbitration under his contract of employment and (b) an acknowledgement by CACI Inc. – Commercial that, if defendant is found to have libeled plaintiff, CACI Inc. - Commercial will accept liability under the doctrine of respondeat superior. If either of those propositions is incorrect, the motion for reconsideration will be granted. The Court calls for a response from defendant, one that (if the above propositions are correct) is accompanied by an appropriate corporate undertaking of CACI Inc. - Commercial.

February 28 Order at 1. Defendant submits this Memorandum in opposition to Plaintiff's motion for reconsideration and in response to the Court's February 28, 2006 Order.

## STATEMENT OF FACTS[1]

In support of his original motion, defendant submitted the Declaration of Patrick G. Stefl, CACI, INC. – COMMERCIAL's ("CACI") Senior Vice President of Administrative Services. Stefl Decl. filed January 27, 2006. In that Declaration, Mr. Stefl stated that, on or about December 2, 2005, Jason Ivarone filed a Demand for Arbitration against CACI's ultimate parent company, CACI International Inc, with the American Arbitration Association ("AAA"). A true and correct copy of Ivarone's Demand for Arbitration was attached to the Stefl Declaration as Exhibit B.

In the Demand for Arbitration against CACI, Mr. Ivarone described the "nature of the dispute" as follows:

> Defamation per se, arising out of statements made by Joseph Friend *while a management employee of CACI* to multiple persons in Dec. '04 & Jan. '05 suggesting Mr. Ivarone was a security threat, was incompetent and dishonest in the performance of his duties, and was violating the law, and Negligent Retention by CACI of Joseph Friend.

---

[1] The underlying facts in support of Defendant's motion are set forth in detail in his Statement of Points and Authorities In Support of Defendant's Motion to Dismiss and Compel Arbitration, filed January 27, 2006, at pages 4 through 6, which are incorporated herein by reference.

2

Stefl Decl. Exh. B (emphasis added).  Mr. Stefl further declared that, "Upon learning of this lawsuit, CACI, through its counsel, informed Plaintiff's counsel that it believed that the dispute was covered by the Employee Agreement, and it expressed its willingness to consolidate Mr. Ivarone's claims against Mr. Friend in the pending arbitration proceeding."  Stefl Decl. ¶ 8.  Plaintiff refused, *id.*, and, instead, voluntarily chose to file the instant action in this Court.

On February 9, 2006, plaintiff filed a "Motion to Include CACI Commercial, Inc." as a party-respondent in the arbitration proceeding before the AAA.[2]  *See* Declaration of Henry A. Platt, Esq. at ¶ 2 & Exh. A, submitted herewith.  On February 14, 2006, following the Court's issuance of its February 10, 2006 Order and Memorandum, plaintiff filed a "Motion to Include Joseph Friend" in the arbitration proceeding before the AAA, seeking "leave to amend the Initial Complaint to include Mr. Ivarone's former supervisor, Joseph Friend ("Mr. Friend"), as an additional Respondent in these proceedings, and [that] the allegations of the Complaint filed in federal court be incorporated into this [AAA] proceeding as an Amendment to the Charge."[3]  Platt Decl. ¶ 3 & Exh. B.  CACI has not opposed either motion, and it expects that the arbitration will proceed against CACI, INC. – COMMERCIAL and Joseph Friend.  Platt Decl. ¶ 4.

CACI has agreed to pay all AAA filing fees, administrative expenses and arbitrator compensation in the AAA proceeding, including any additional filing fees that may be incurred as a result of the addition of Joseph Friend as a party-Respondent.  Platt Decl. ¶ 5(a).  CACI will

---

[2] As noted in paragraph 6 of Mr. Stefl's Declaration, Jason Ivarone's original, December 2, 2005 Demand for Arbitration only named CACI's ultimate parent company, CACI International Inc, as a party-respondent.

[3] CACI has requested that plaintiff agree to substitute CACI, INC. – COMMERCIAL in lieu of CACI International Inc as a party-respondent, as CACI International Inc was improperly named.  Plaintiff's counsel has not, to date, provided CACI's counsel with her final decision on the issue.  Platt Decl. ¶ 4.

3

not oppose the arbitrability of any claims brought against Friend before the arbitrator.  Platt Decl. ¶ 5(b).

CACI believes that all current allegations against Mr. Friend concern alleged conduct arising out of the course and scope of his employment as a CACI manager.[4]  Platt Decl. ¶ 5(c). To the extent that the arbitrator ultimately determines that Mr. Friend defamed Ivarone while acting in his capacity as an agent of CACI, CACI will accept liability under the doctrine of *respondeat superior*.  Platt Decl. ¶ 5(d).

## ARGUMENT

Plaintiff brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  While the Court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *Mobley v. Cont'l Cas. Co.*, 405 F. Supp. 2d 42 (D.D.C. 2005) ("A motion for reconsideration of a previous judgment will not lightly be granted.").

Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208).  Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier.  *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), *cert. denied*, 511 U.S. 1018 (1994); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

---

[4] If the allegations concerning Mr. Friend change during the course of the arbitration, however, CACI is reserving its right to assert all appropriate defenses.  Platt Decl. ¶ 5(c).

In support of his motion for reconsideration, plaintiff cites no intervening change of controlling law, new evidence, or the need to correct a clear legal error or prevent manifest injustice. Instead, he simply reargues facts and theories upon which the Court has already ruled,[5] and presents new theories and arguments that could have been advanced earlier. In fact, Arguments II, III, IV and V of plaintiff's Memorandum in Support of his Motion for Reconsideration appear to be ***verbatim*** reproductions of Arguments I, II, III, and IV of plaintiff's Memorandum in Opposition to defendant's original motion, respectively.[6] The motion for reconsideration must therefore be denied.

The only "new" argument plaintiff raises relates to the statute of limitations issue. Whether defendant (or CACI) has viable affirmative defenses to plaintiff's claims, including whether defendant may have a defense based upon plaintiff's voluntary decision to file his claim against defendant in Federal Court instead of demanding arbitration – as expressly requested of plaintiff by BOTH defendant and CACI *before* the statue of limitations ran – is simply irrelevant to the sole issue before this Court, *i.e.,* whether the Court should reconsider its ruling that plaintiff's claims against defendant are covered by the arbitration agreement.[7]

This is all the more true given that the issue of arbitrability itself is a question *expressly* reserved for the arbitrator under the Agreement. *See* Def's Mem. in Support of Motion to

---

[5] In fact, plaintiff is quite upfront about this, stating that "Mr. Ivarone respectfully disagrees with this Court's characterization of his response and details his response below." Pltf's Mem. at 2. In other words, believing that he did not convince the Court of the merit of his position the first time, he is going to "try again."

[6] Accordingly, defendant will not address the issues raised therein unless requested by the Court to do so. CACI stands by its original motion.

[7] In any event, plaintiff presents no authority or explanation for his implicit belief that an order "compelling" arbitration by this Court could save him from his statute of limitations quandary.

5

Dismiss and Compel Arbitration at 6-7. As this Court ruled on February 10, 2006, plaintiff's claims in this action "plainly 'aris[e] out of or relat[e] to . . . the termination of [his] employment with CACI,'" and, accordingly, plaintiff was required to submit his claims, including any dispute as to arbitrability of his claims, in whole or in part, to the arbitrator.

Moreover, the issue is moot, as plaintiff has already voluntarily submitted his claim against defendant to arbitration, by filing an unopposed "Motion to Include Joseph Friend," in the pending arbitration proceeding, seeking "leave to amend the Initial Complaint to include Mr. Ivarone's former supervisor, Joseph Friend ("Mr. Friend"), as an additional Respondent in these proceedings, and [that] the allegations of the Complaint filed in federal court be incorporated into this [AAA] proceeding as an Amendment to the Charge." Platt Decl. ¶¶ 3-4 & Exh. B. As noted above, CACI has not (and will not) oppose that motion, and CACI has agreed to accept liability for defendant's conduct, as currently alleged, under the doctrine of *respondeat superior*, to the extent that the arbitrator ultimately determines that Mr. Friend defamed Ivarone while acting in his capacity as an agent of CACI.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration must be denied.

Dated: March 10, 2006

        /s/ Henry A. Platt                
Henry A. Platt, D.C. Bar No. 425994
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Suite 1000
Washington, D.C. 20037-1905
(202) 333-8800

Attorneys for Defendant Joseph Friend