# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON D. IVARONE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No.: 1:05CV02322 (JR) |
| JOSEPH FRIEND, | ) |
|     Defendant. | ) |

## DECLARATION OF HENRY A. PLATT, ESQUIRE, IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND IN RESPONSE TO THIS COURT'S FEBRUARY 28, 2006 ORDER

I, Henry A. Platt, hereby declare as follows:

1. I am an attorney representing Joseph Friend, defendant in the above-captioned action. I also represent Mr. Friend, CACI International Inc, and CACI, INC. – COMMERCIAL ("CACI") in the arbitration proceeding pending before the American Arbitration Association ("AAA"), AAA Case No. 16 160 00761 05. I am making this declaration based upon personal knowledge.

2. On February 9, 2006, Jason Ivarone filed a "Motion to Include CACI Commercial, Inc." as a party-respondent in the arbitration proceeding before the AAA. Attached hereto as Exhibit A is a true and correct copy of that Motion (without attached exhibits).

3. On February 14, 2006, Jason Ivarone filed a "Motion to Include Joseph Friend" in the arbitration proceeding before the AAA, seeking "leave to amend the Initial Complaint to include Mr. Ivarone's former supervisor, Joseph Friend ("Mr. Friend"), as an additional

Respondent in these proceedings, and [that] the allegations of the Complaint filed in federal court be incorporated into this [AAA] proceeding as an Amendment to the Charge." Attached hereto as Exhibit B is a true and correct copy of that Motion (without attached exhibits).

4. CACI has not opposed either motion, and it expects that the arbitration will proceed against CACI, INC. – COMMERCIAL and Joseph Friend. However, CACI has requested, through counsel, that plaintiff agree to substitute CACI, INC. – COMMERCIAL in lieu of CACI International Inc as a party-respondent, instead of adding it as a new respondent, as CACI International Inc was improperly named. Plaintiff's counsel has not, to date, provided CACI's counsel with her final decision on the issue.

5. CACI has expressly authorized the undersigned to make the following representations to this Court on its behalf:

  a) CACI has agreed to pay all AAA filing fees, administrative expenses and arbitrator compensation in the AAA proceeding, including any additional filing fees that may be incurred as a result of the addition of Joseph Friend as a party-Respondent.

  b) CACI will not oppose the arbitrability of any claims brought against Friend before the arbitrator.

  c) CACI believes that all current allegations against Mr. Friend concern alleged conduct arising out of the course and scope of his employment as a CACI manager. However, if the allegations concerning Mr. Friend change during the course of the arbitration, CACI is reserving its right to assert all appropriate defenses.

3

    d) To the extent that the arbitrator ultimately determines that Mr. Friend defamed Ivarone while acting in his capacity as an agent of CACI, CACI will accept liability under the doctrine of *respondeat superior*.

I declare that under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of March, 2006 at Washington, D.C.

                                                                _____/s/ Henry A. Platt_____
                                                                      Henry A. Platt

*bq6202.doc*

DECLARATION OF HENRY A. PLATT, ESQ.

# EXHIBIT A

*IVARONE v. FRIEND*
05-cv-02322 (JR)

# CHARLSON BREDEHOFT & COHEN, P.C.
ATTORNEYS AND COUNSELORS AT LAW

CURTIS L. CHARLSON (RET.)*
ELAINE CHARLSON BREDEHOFT◊
PETER C. COHEN◊
KATHLEEN Z. QUILL●◊
JENNIFER A. HARPER

* ADMITTED ONLY IN MINNESOTA
◊ ALSO ADMITTED IN D.C.
● ALSO ADMITTED IN MASSACHUSETTS

February 9, 2006

**BY FEDERAL EXPRESS**
Ms. Christa Davis
Case Manager
American Arbitration Association
2200 Century Parkway
Suite 300
Atlanta, GA 30345-3203

Re: *Jason D. Ivarone / CACI International*

Dear Ms. Davis:

Enclosed for filing with the Association, please find Claimant's Motion to Include CACI Commercial, Inc.

Thank you very much for your assistance with this matter.

Very truly yours,

Elaine Charlson Bredehoft

Enclosure
cc:   Henry A. Platt, Esq.
      Mr. Jason D. Ivarone

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JASON D. IVARONE, | ) |
| Complainant, | ) ) ) |
| v. | ) Case No. 16 160 00761 05 |
| CACI INTERNATIONAL, INC., | ) ) |
| Respondent. | ) ) |

## COMPLAINANT'S MOTION TO INCLUDE CACI COMMERCIAL, INC.

Pursuant to Rule 5 of the National Rules for the Resolution of Employment Disputes, the Complainant, Jason D. Ivarone ("Mr. Ivarone"), by counsel, hereby moves for leave to amend the Initial Complaint to include Respondent CACI International's subsidiary, CACI Commercial, Inc ("CACI Commercial"), as an additional Respondent in these proceedings.

The grounds for this motion are set forth in the accompanying Memorandum.

February 9, 2006

JASON D. IVARONE
By Counsel,

Elaine Charlson Bredehoft
Va Bar No 23766
CHARLSON BREDEHOFT & COHEN, P C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190
(703) 318-6800

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JASON D. IVARONE, ) | |
| ) | |
| Complainant, ) | |
| ) | |
| v. ) | Case No. 16 160 00761 05 |
| ) | |
| CACI INTERNATIONAL, INC., ) | |
| ) | |
| Respondent. ) | |

## MOTION AND MEMORANDUM IN SUPPORT OF COMPLAINANT'S MOTION TO INCLUDE CACI COMMERCIAL, INC.

Pursuant to Rule 5 of the National Rules for the Resolution of Employment Disputes, the Complainant, Jason D. Ivarone ("Mr. Ivarone"), by counsel, hereby moves for leave to amend the Initial Complaint to include Respondent CACI International's subsidiary, CACI Commercial, Inc. ("CACI Commercial"), as an additional Respondent in these proceedings.

### BRIEF STATEMENT OF FACTS

On December 2, 2005, Mr. Ivarone filed his Demand for Arbitration against CACI International. On January 13, 2006, Respondent filed an Answering Statement stating that Mr. Ivarone had never been an employee of CACI International. Despite documentation supporting the contention that Mr. Ivarone was an employee of CACI International, Complainant requests that CACI Commercial, a subsidiary of CACI International, be added as an additional Respondent to allow smooth progression of these proceedings and to ensure all proper parties are included.

### ARGUMENT

Because parties have only just begun these proceedings, adding CACI Commercial as a Respondent will facilitate rather than impede progress. Documentation supporting the contention

that Mr. Ivarone was an employee of CACI International includes Mr. Ivarone's pay stubs and a March 18, 2005 letter regarding Mr. Ivarone's health benefits, included as Attachments A and B respectively; however, because Mr. Ivarone's pay stubs and W-2 also list "CACI Commercial," Complainant feels it will facilitate progress in these proceedings by adding CACI Commercial as a Respondent. Respondent suffers no prejudice from the amendment, as CACI Commercial is a wholly owned subsidiary of CACI International and CACI International has entered its appearance and has been aware of the proceedings. In addition, since the attachments reflect that CACI International and CACI Commercial have been interchangeable in the dealings with Mr. Ivarone, justice is best served by the Amendment. See Attachments A and C.

## CONCLUSION

Complainant respectfully requests that the Motion to Include CACI Commercial as a Respondent in these proceedings be granted.

February 9, 2006

**JASON D. IVARONE**
**By Counsel,**

Elaine Charlson Bredehoft
Va. Bar No. 23766
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190
(703) 318-6800

2

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MOTION AND MEMORANDUM IN SUPPORT OF COMPLAINANT'S MOTION TO INCLUDE CACI COMMERCIAL, INC to Respondent CACI International, Inc , by email and first class mail, postage prepaid this 9th day of February, 2006, on counsel for Respondent CACI International addressed as follows:

Henry A. Platt, Esq
Schmelter, Aptaker, & Shepard, PC
2600 Virginia Avenue, NW
Washington, DC 20037-1922
hap@saslaw.com

Counsel for Respondent
CACI International

Elaine Charlson Bredehoft

3

DECLARATION OF HENRY A. PLATT, ESQ.

# EXHIBIT B

*IVARONE v. FRIEND*
05-cv-02322 (JR)

IN THE AMERICAN ARBITRATION ASSOCIATION

|  |  |
|---|---|
| JASON D. IVARONE, ) | |
| ) | |
| Complainant, ) | |
| ) | |
| v. ) | Case No. 16 160 00761 05 |
| ) | |
| CACI INTERNATIONAL, INC., ) | |
| ) | |
| Respondent. ) | |
| ) | |

## COMPLAINANT'S MOTION TO INCLUDE JOSEPH FRIEND

Pursuant to Rule 5 of the National Rules for the Resolution of Employment Disputes, the Complainant, Jason D. Ivarone ("Mr. Ivarone"), by counsel, hereby moves for leave to amend the Initial Complaint to include Mr. Ivarone's former supervisor, Joseph Friend ("Mr. Friend"), as an additional Respondent in these proceedings.

The grounds for this motion are set forth in the accompanying Memorandum.

February 14, 2006

JASON D. IVARONE
By Counsel,

Elaine Charlson Bredehoft
Va. Bar No. 23766
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190
(703) 318-6800

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JASON D. IVARONE, ) | |
| ) | |
| Complainant, ) | |
| ) | |
| v. ) | Case No. 16 160 00761 05 |
| ) | |
| CACI INTERNATIONAL, INC., ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM IN SUPPORT OF COMPLAINANT'S
### MOTION TO INCLUDE JOSEPH FRIEND

Pursuant to Rule 5 of the National Rules for the Resolution of Employment Disputes, the Complainant, Jason D. Ivarone ("Mr. Ivarone"), by counsel, hereby moves for leave to amend the Initial Complaint to include Mr. Ivarone's former supervisor, Joseph Friend ("Mr. Friend"), as an additional Respondent in these proceedings, and the allegations of the Complaint filed in federal court be incorporated into this proceeding as an Amendment to the Charge.

### BRIEF STATEMENT OF FACTS

On December 2, 2005, Mr. Ivarone filed his Complaint against Jospeh Friend, his former supervisor in the United States District Court for the District of Columbia. A copy of that Complaint is attached as Exhibit 1. On January 27, 2006, Mr. Friend filed a Motion to Dismiss and to Compel Arbitration in the District Court. Exhibit 2. Mr. Ivarone opposed that Motion on February 10, 2006. Exhibit 3, and the District Court issued an Order granting Mr. Friend's Motion that same day. Exhibit 4 (collectively the Memorandum Opinion and Order). Mr. Friend was represented by CACI in the motion to dismiss and compel arbitration.

## ARGUMENT

While Complainant is considering options respecting the ruling of the federal court, the Court has afforded Mr. Ivarone with no other choice but to move to include Mr. Friend in these proceedings at this time. Because parties have only just begun these proceedings, adding Mr. Friend as a Respondent will facilitate, rather than impede progress. As counsel for CACI is representing Mr. Friend, and has requested this action be included in the Arbitration proceeding, there is no prejudice in this filing.

## CONCLUSION

Complainant respectfully requests that the Motion to Include Mr. Friend as a Respondent in these proceedings be granted.

February 14, 2006

**JASON D. IVARONE**
**By Counsel,**

Elaine Charlson Bredehoft
Va. Bar No. 23766
CHARLSON BREDEHOFT & COHEN, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA 20190
(703) 318-6800

2

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MOTION AND MEMORANDUM IN SUPPORT OF COMPLAINANT'S MOTION TO INCLUDE JOSEPH FRIEND, by email and first class mail, postage prepaid this 14th day of February, 2006, on counsel for Respondents CACI International and Mr. Joseph Friend, addressed as follows:

>Henry A. Platt, Esq.
>Schmelter, Aptaker, & Shepard, PC
>2600 Virginia Avenue, NW
>Washington, DC  20037-1922
>hap@saslaw.com

_____
Elaine Charlson Bredehoft

3